IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IVANDER JAMES, JR.,

    Petitioner,

v.                                                                    Civil Action No. 3:10cv380

**PARTICIA STANSBERRY,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a federal prisoner proceeding *pro se*, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner argues he is "actually innocent" of being an armed career offender because one of the predicate offenses for that designation, a conviction for failure to stop for a blue light, is not a crime of violence. Respondent filed a motion to dismiss on the ground that, *inter alia*, Petitioner must proceed under 28 U.S.C. § 2255. The matter is ripe for adjudication.

## I. PROCEDURAL HISTORY

In 2002, Petitioner was convicted in the United States District Court for the District of South Carolina for possession of a firearm by a felon. Pursuant to 18 U.S.C. § 924(e), Petitioner was sentenced under the Armed Career Criminal Act ("ACCA").[2] One of the predicate offenses the

---

[1] Petitions under 28 U.S.C. § 2241 must be brought in the district where the petitioner is confined. Although Petitioner is currently confined in Kentucky, he was confined in the Eastern District of Virginia when he filed his petition. *See De Los Santos v. Warden*, Nos. 2:03CV118, 2:03CV119, 2003 WL 23305021, at *2 n.2 (E.D. Va. Mar. 31, 2003). Accordingly, this Court will retain jurisdiction over the instant petition.

[2] The Armed Career Criminal Act "imposes a fifteen-year mandatory minimum sentence for any defendant who violates 18 U.S.C. § 922(g) and who has three prior convictions for 'serious drug

sentencing court used to sentence Petitioner under the Armed Career Criminal Act was a 1995 South Carolina state conviction for failure to stop for a blue light.[3]

Petitioner appealed the Court's characterization of him as an armed career criminal because, he argued, a conviction for violating the blue-light law does not constitute a "violent felony." *United States v. James*, 337 F.3d 387, 389 (4th Cir. 2003), *abrogated by United States v. Roseboro*, 551 F.3d 226, 228 (4th Cir. 2009), *abrogated by United States v. Rivers*, 595 F.3d 558, 560 (4th Cir. 2010). The United States Court of Appeals for the Fourth Circuit affirmed his conviction and determined that a violation of the blue-light law did constitute a "'violent felony'" because the law "generally proscribes conduct that poses the potential for serious injury to another." *Id.* at 390-91.

Thereafter, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in the District of South Carolina. *See James v. United States*, No. 4:05-00096-CWH, 2006 WL 783496 (D.S.C. Mar. 24, 2006). Petitioner raised the blue-light law issue again. The District of South Carolina denied the motion and the Fourth Circuit dismissed his appeal. *United States v. James*, 197 F. App'x 244 (4th Cir. 2006).

Petitioner then filed a petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus in the Eastern District of Virginia. *James v. Stansberry*, No. 3:08CV512, 2009 WL 320606 (E.D. Va. Feb. 9, 2009) (Williams, J.). Petitioner raised the blue-light law issue once more. This Court dismissed the petition for lack of jurisdiction because the petition was actually an unauthorized,

---

offense[s]' or 'violent felon[ies].'" *United States v. Toyer*, No. 08-5036, 2011 WL 674737, at *6 (4th Cir. Feb. 25, 2011) (alterations in original) (*quoting* 18 U.S.C. § 924(e)(1)).

[3] South Carolina's blue-light law makes it unlawful for a driver to continue driving when signaled to stop by a law enforcement vehicle. *See United States v. Rivers*, 595 F.3d 558, 561 (4th Cir. 2010) (*citing* S.C. Code Ann. § 56-5-750(A)).

successive motion pursuant to 28 U.S.C. § 2255. The Fourth Circuit affirmed dismissal. *James v. Stansberry*, 342 F. App'x 865 (4th Cir. 2009).

On February 25, 2010, the Fourth Circuit handed down its opinion in *Rivers*. *Rivers*, 595 F.3d at 558. In *Rivers*, the Fourth Circuit applied the Supreme Court's reasoning in *Chambers v. United States*, 555 U.S. 122 (2009), to determine that a violation of South Carolina's blue-light law could never constitute a violent felony under the ACCA.[4] *Rivers*, 595 F.3d at 565.

Thereafter, Petitioner sought permission from the Fourth Circuit to file a successive § 2255 motion. The Fourth Circuit denied the motion on May 11, 2010. Petitioner then filed the current petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus.

## II. ANALYSIS

Petitioner currently contends that he is entitled to relief under 28 U.S.C. § 2241 because he is "actually innocent" of his ACCA status. This claim is identical to the claim previously raised in this Court. *James v. Stansberry*, No. 3:08CV512, 2009 WL 320606 (E.D. Va. Feb. 9, 2009) (Williams, J.). However, as Petitioner correctly asserts (Resp. Mot. Dismiss (Docket No. 11) ¶ 4), he did not have the benefit of *Rivers* when he filed his previous petition in this Court.[5] Nevertheless, at that time, the Court assumed *arguendo* that Petitioner was correct regarding whether a violation of the blue-light law constituted a violent felony. *James*, 2009 WL 320606, at *2 ("Petitioner

---

[4] When briefing their positions in this case, the parties did not have the benefit of *Sykes v. United States*, --- S. Ct. ----, No. 09-11311, 2011 WL 2224437 (U.S. June 9, 2011). In *Sykes*, the Supreme Court of the United States held that felony vehicle flight, as outlawed by Indiana law, is considered a violent felony for purposes of sentencing under the ACCA. *Id.* at *11. Because *Sykes* does not alter this Court's reasoning, the Court declines to determine what effect *Sykes* has on *Rivers*.

[5] Respondent, however, does not even mention *Rivers*, the case on which Petitioner's ground for relief hinges.

3

contends that his [blue-light law conviction] may no longer be considered a 'violent felony' under 18 U.S.C. § 924(e). Petitioner may be correct. Be that as it may, Petitioner has failed to demonstrate that the conduct *for which he was convicted* is no longer a crime." (citations omitted)). Accordingly, the substantive change presented in *Rivers* does not alter the Court's previous analysis.

Previously, this Court dismissed Petitioner's § 2241 because it was an unauthorized, successive § 2255. In so holding, the Court explained that a motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on a federal sentence. *Id.* at *1 (*citing Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). This Court lacks jurisdiction to entertain a second 28 U.S.C. § 2255 motion from Petitioner absent authorization from the Fourth Circuit. 28 U.S.C. § 2244(b)(3)(A). Unless Petitioner demonstrates that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, Petitioner's current action must proceed under 28 U.S.C. § 2255. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). The Fourth Circuit in *In re Jones* concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) *subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333–34 (emphasis added).

Petitioner cannot meet the second prong of the *Jones* test. The second prong requires Petitioner to show that "subsequent to [his] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which [he] was *convicted* is deemed not to be criminal." *Id.*

4

at 334 (emphasis added). In Petitioner's case, however, Petitioner was not *convicted* of a violation of the ACCA. Instead, he was *sentenced* pursuant to the ACCA's required mandatory minimum.[6] Accordingly, the present action is an unauthorized, successive motion pursuant to 28 U.S.C. § 2255, rather than a petition pursuant to 28 U.S.C. § 2241. *See Gilbert v. United States*, No. 09-12513, 2011 WL 1885674, at *29 (11th Cir. May 19, 2011) (en banc) ("[T]he savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum.")

This holding is consistent with a similar case brought in the District of South Carolina. *United States v. Kelley*, No. 3:04-998-CMC, 2010 WL 5140593, at *3-5 (D.S.C. Dec. 13, 2010). There, a petitioner was sentenced as a career offender under Sentencing Guideline § 4B1.1.[7] One

---

[6] The Court notes that the District of South Carolina specifically stated that it was a jury that actually convicted Petitioner of the ACCA. *James v. United States*, No. 4:05-00096-CWH, 2006 WL 783496, at *2 (D.S.C. Mar. 24, 2006) ("In the petitioner's case, the Court did not enhance the petitioner's sentence pursuant to the Armed Career Criminal Act. A jury found the petitioner guilty of being a felon in possession of a firearm and of violating the Armed Career Criminal Act."). Nevertheless, the majority of the record before the Court, including the submissions by both parties, makes clear that the sentencing judge invoked the ACCA at sentencing. (*See, e.g.*, Pet. Habeas Corpus (Docket No. 1) ¶¶ 4; *id.* ¶ 12 ("The jury in [Petitioner's] trial **only** found him guilty of the 922(g)(1) offense; it was the judge at sentencing that made findings, by a preponderance of the evidence, that [Petitioner] had three prior 'violent felony' convictions for sentence-enhancement purposes."); Br. Supp. Mot. Dismiss (Docket No. 9), at 2.) The Fourth Circuit's opinion in Petitioner's case confirms that the judge invoked the ACCA as a sentence enhancement. *United States v. James*, 337 F.3d 387, 389 (4th Cir. 2003) ("[Petitioner] appeals . . . the enhancement of his sentence as an armed career criminal pursuant to § 924(e).").

[7] Section 4B1.1 of the U.S. Sentencing Commission Guidelines Manual concerns sentencing of offenders designated as career offenders. U.S. Sentencing Guidelines Manual § 4B1.1 (2002). Section 924(e) of the United States Code, on the other hand, concerns sentencing of *armed* career offenders. 18 U.S.C. § 924(e). Decisions regarding one "provide important guidance" regarding the other. *United States v. Joseph*, 371 F. App'x 70, 73 (11th Cir. 2010).

of his predicate offenses was conviction for violating the blue-light law. After filing an appeal and a motion under 28 U.S.C. § 2255, the Fourth Circuit handed down *Rivers*. Thereafter, the petitioner asked the Court to consider relief under 28 U.S.C. § 2241 because he alleged he was actually innocent of being a career offender. The Court explained that he could not meet the second prong of the *In re Jones* test because the test "has not been extended to calculations made at sentencing under the Guidelines, even as to the Career Offender provisions at § 4B1.1." *Kelley*, 2010 WL 5140593, at *5 (*citing United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010)). The Court further noted that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from *factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.*" *Id.* (*quoting Pettiford*, 612 F.3d at 284). The Court dismissed the petition for lack of jurisdiction.

### III. CONCLUSION

Because Petitioner is not entitled to utilize the savings clause of § 2255, and has not otherwise demonstrated that he is entitled to challenge his conviction and sentence under 28 U.S.C. § 2241, Petitioner's application for a writ of habeas corpus (Docket No. 1) will be DENIED and Respondent's motion to dismiss (Docket No. 9) will be GRANTED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6/20/11
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge