IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IVANDER JAMES, JR.,

       Petitioner,

v.                                                Civil Action No. 3:10cv380

PARTICIA STANSBERRY,

       Respondent.

## MEMORANDUM OPINION

Petitioner, a federal prisoner proceeding *pro se*, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By Memorandum Opinion and Order entered on June 20, 2011, the Court dismissed the action. Subsequently, Petitioner filed a Motion to Alter or Amend a Judgment under Rule 59(e). For the reasons which follow, the Court will deny Petitioner's motion.

## I. PROCEDURAL HISTORY

### A.    Petitioner's Sentencing

In 2002, Petitioner was convicted in the United States District Court for the District of South Carolina for possession of a firearm by a felon. Pursuant to 18 U.S.C. § 924(e), Petitioner was sentenced under the Armed Career Criminal Act ("ACCA").[1] One of the predicate offenses the

---

[1] The Armed Career Criminal Act "imposes a fifteen-year mandatory minimum sentence for any defendant who violates 18 U.S.C. § 922(g) and who has three prior convictions for 'serious drug offense[s]' or 'violent felon[ies].'" *United States v. Toyer*, 414 F. App'x 584, 592 (4th Cir. 2011) (alterations in original) (*quoting* 18 U.S.C. § 924(e)(1)).

sentencing court used to sentence Petitioner under the Armed Career Criminal Act was a 1995 South Carolina state conviction for failure to stop for a blue light.[2]

**B.      Petitioner's Direct Appeal**

Petitioner appealed the Court's characterization of him as an armed career criminal because, he argued, a conviction for violating the blue-light law does not constitute a "violent felony." *United States v. James*, 337 F.3d 387, 389 (4th Cir. 2003), *abrogated by United States v. Roseboro*, 551 F.3d 226, 228 (4th Cir. 2009), *abrogated by United States v. Rivers*, 595 F.3d 558, 560 (4th Cir. 2010). The United States Court of Appeals for the Fourth Circuit affirmed his conviction and determined that a violation of the blue-light law did constitute a "'violent felony'" because the law "generally proscribes conduct that poses the potential for serious injury to another." *Id.* at 390-91.

**C.      Petitioner's Motion Under 28 U.S.C. § 2255**

Thereafter, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in the District of South Carolina. *See James v. United States*, No. 4:05-00096-CWH, 2006 WL 783496 (D.S.C. Mar. 24, 2006). Petitioner raised the blue-light law issue again. The District of South Carolina denied the motion and the Fourth Circuit dismissed his appeal. *United States v. James*, 197 F. App'x 244 (4th Cir. 2006).

**D.      Petitioner's Application for Habeas Corpus Relief Under 28 U.S.C. § 2241**

Petitioner then filed a petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus in the Eastern District of Virginia. *James v. Stansberry*, No. 3:08CV512, 2009 WL 320606 (E.D. Va. Feb. 9, 2009) (Williams, J.). Petitioner raised the blue-light law issue once more. This Court

---

[2] South Carolina's blue-light law makes it unlawful for a driver to continue driving when signaled to stop by a law enforcement vehicle. *See United States v. Rivers*, 595 F.3d 558, 561 (4th Cir. 2010) (*citing* S.C. Code Ann. § 56-5-750(A)).

dismissed the petition for lack of jurisdiction because the petition was actually an unauthorized, successive motion pursuant to 28 U.S.C. § 2255. The Fourth Circuit affirmed dismissal. *James v. Stansberry*, 342 F. App'x 865 (4th Cir. 2009).

**E.      The Fourth Circuit's *Rivers* Decision**

On February 25, 2010, the Fourth Circuit handed down its opinion in *Rivers*. *Rivers*, 595 F.3d at 558. In *Rivers*, the Fourth Circuit applied the Supreme Court's reasoning in *Chambers v. United States*, 555 U.S. 122 (2009), to determine that a violation of South Carolina's blue-light law could never constitute a violent felony under the ACCA.[3] *Rivers*, 595 F.3d at 565.

**F.      The Second § 2241 Petition**

Thereafter, Petitioner sought permission from the Fourth Circuit to file a successive § 2255 motion. The Fourth Circuit denied the motion on May 11, 2010. Petitioner then filed the current petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus. The claim he raised was identical to that previously rejected by this Court.[4] Petitioner re-raised the issue after *Rivers* was handed down, asserting that *Rivers* entitles him to relief.

By Memorandum Opinion and Order entered on June 20, 2011, the Court dismissed the § 2241 action. The Court advised Petitioner that he must proceed under § 2255 unless he can satisfy the Court that "subsequent to [his] direct appeal and first § 2255 motion, the substantive law changed

---

[3] When briefing their positions in this case, the parties did not have the benefit of *Sykes v. United States*, 131 S. Ct. 2267 (2011) (handing down opinion on June 9, 2011). In *Sykes*, the Supreme Court of the United States held that felony vehicle flight, as outlawed by Indiana law, is considered a violent felony for purposes of sentencing under the ACCA. *Id.* at 2277. Because *Sykes* did not alter this Court's reasoning, the Court declined to determine what effect *Sykes* has on *Rivers*.

[4] The Court explained that in its previous rejection of Petitioner's blue-light law claim pre-*Rivers*, the Court assumed *arguendo* that Petitioner's argument was valid. Accordingly, the substantive change presented in *Rivers* did not alter the Court's previous analysis.

such that the conduct of which the prisoner was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d 328, 334 (4th Cir. 2000). Petitioner, however, had failed to demonstrate that the conduct for which he was convicted is no longer a crime.

## II. RULE 59(e) MOTION AND ANALYSIS

Petitioner filed a Motion to Alter or Amend a Judgment under Federal Rule of Civil Procedure 59(e). Rule 59(e) permits a court to amend a judgment within twenty-eight days for three reasons: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997) (*quoting Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). In other words, it is a means by which the District Court can correct its own mistakes, thereby "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations omitted).

Petitioner contends that he is entitled to a Motion to Alter or Amend a Judgment because the June 20, 2011 Memorandum Opinion contained a clear error of law. Petitioner argues that because a *jury* did not convict Petitioner of violating the ACCA, then his subsequent sentencing thereunder violates the spirit of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[5] This argument, however, has been expressly rejected by the Courts. *See, e.g., United States v. Pleasant*, 31 F. App'x 91, 92 (4th

---

[5] Specifically, Petitioner states that the Court erred when it said, "Petitioner was not *convicted* of a violation of the ACCA." (June 20, 2011 Mem. Opinion 5.) The Court explained to Petitioner that he was *sentenced* pursuant to the ACCA's required mandatory minimum, but he was not *convicted by a jury* of violating the ACCA. Petitioner does not claim that the Court misinterpreted his claim or the case's procedural history. Rather, Petitioner argues that the Court misapplied the law.

Cir. 2002) ("*Apprendi* expressly upheld . . . that prior felony convictions are merely sentencing enhancements, rather than elements of the offense." (citations omitted)).  Because the Court did not commit any clear error of law, Petitioner's Rule 59(e) motion will be DENIED.

Petitioner suggests that the Fourth Circuit precedent this Court relied on "needs to be revisited and overturned" because it "is either outdated or is being unconstitutionally interpreted and applied."  (Rule 59(e) Mot. 2.)  This Court, however, is bound by controlling Supreme Court and Fourth Circuit precedent.  *Agostini v. Felton*, 521 U.S. 203, 237 (1997).  The Court is not unsympathetic with Petitioner's plight.  The relevant precedent, however, precludes this Court from granting Petitioner the relief he seeks under 28 U.S.C. § 2241.  Petitioner remains free to pursue any appropriate relief in the District Court for South Carolina or the United States Court of Appeals for the Fourth Circuit.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  No law or evidence suggests that Petitioner is entitled to further consideration in this matter.  A certificate of appealability will therefore be DENIED.

5

An appropriate Order will accompany this Memorandum Opinion.

Date: 10/4/11
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

6